# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARLOS HECTOR DELGADILLO ALVAREZ, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | 1:16CR241-2 1:18CV944 |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On March 24, 2017, this Court (per then-Chief United States District Judge William L. Osteen, Jr.) entered a Judgment against Petitioner imposing, <u>inter alia</u>, a prison term of 78 months followed by a supervised release term of three years, as a result of his guilty plea to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 846. (Docket Entry 50; <u>see also</u> Docket Entry 1 (Criminal Complaint); Docket Entry 19 (Indictment); Docket Entry 29 (Factual Basis); Minute Entry dated Oct. 3, 2016 (documenting guilty plea); Minute Entry dated Mar. 1, 2017 (documenting sentencing).)[1] Petitioner did not appeal. (<u>See</u> Docket Entry 76, ¶ 8; <u>see also</u> Docket Entries dated Mar. 1, 2017, to present (reflecting no notice of appeal).)

On May 11, 2017, the Clerk docketed Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

Entry 59 (the "First Section 2255 Motion")), bearing a signature date of May 7, 2017 (see id. at 12; see also Docket Entry 60 (supporting memorandum)). The First Section 2255 Motion presented two grounds for relief: ineffective assistance of counsel for (1) "fail[ing] to file a notice of appeal, as requested by [Petitioner]" (id., ¶ 12(Ground One) (all-caps font omitted); see also id., ¶ 12(Ground One)(a) (incorporating by reference supporting memorandum); Docket Entry 60 at 1-4 (discussing failure to file notice of appeal)), and (2) "fail[ing] to request minor role, safety valve, or minimal participant [pursuant to] U.S.S.G. ¶ 3B1.2(a)" (id., ¶ 12(Ground Two) (all-caps font omitted); see also id., ¶ 12(Ground Two)(a) (incorporating by reference supporting memorandum); Docket Entry 60 at 4-7 (discussing failure to pursue those guideline reductions)).

After the Court (per the undersigned United States Magistrate Judge) ordered the United States to respond to the First Section 2255 Motion (see Docket Entry 61), the United States filed a response (see Docket Entry 66), and Petitioner replied (see Docket Entry 68). Before the Court ruled on the First Section 2255 Motion, Petitioner moved to withdraw it (see Docket Entry 72), which motion the Court (per the undersigned) granted (see Text Order dated July 9, 2018).

On October 5, 2018 (nearly 18 months after Petitioner's deadline to appeal his Judgment had passed), the Clerk docketed an

2

"All Writs Motion for a Smith Departure Pursuant to 18 U.S.C. §[]3582(c)(2)" (Docket Entry 73 (underlining added and all-caps font omitted)), which Petitioner dated as mailed on September 29, 2018 (see id. at 13), and which the Court (per the undersigned) construed as "a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255" (Docket Entry 74 at 1). The undersigned then identified several pleading failures (see id. at 1–2), directed the Clerk "to send Petitioner § 2255 forms and instructions" (id. at 3), and recommended that the Court dismiss the filing (the "Second Section 2255 Motion") "*sua sponte* without prejudice to Petitioner promptly filing a proper action in the correct district and using the correct forms" (id.). The Court (per Judge Osteen) adopted that recommendation. (See Docket Entry 79.)

On November 13, 2018, the Clerk docketed another Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 76 ("Third Section 2255 Motion")), bearing a signature date of November 6, 2018 (see id. at 12; see also Docket Entry 77 (supporting memorandum)). The Third Section 2255 Motion presented four grounds for collateral relief:

1) "[i]neffective [a]ssistance of [c]ounsel" (Docket Entry 76, ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) (incorporating by reference supporting memorandum); Docket Entry 77 at 1–11

3

(asserting that Petitioner's counsel rendered ineffective assistance in connection with pre-plea representation));

2) ineffective assistance of counsel for failing to argue that "[t]he [United States] was obligated to, but did not, prove that Petitioner knew the type and quantity of drugs that he 'possessed'" (Docket Entry 76, ¶ 12(Ground Two); see also id. ¶ 12(Ground Two)(a) (incorporating by reference supporting memorandum); Docket Entry 77 at 11-15 (faulting counsel for never raising foregoing argument));

3) ineffective assistance of counsel at sentencing (Docket Entry 76, ¶ 12(Ground Three); see also id. ¶ 12(Ground Three)(a) (incorporating by reference supporting memorandum); Docket Entry 77 at 15-16 (arguing that appeal waiver does not foreclose such claim)); and

4) a claim for a "<u>Smith</u> departure pursuant to 18 U.S.C. §[]3582(c)(2)" (Docket Entry 76, ¶ 12(Ground Four) (underlining added and all-caps font omitted); see also id. ¶ 12(Ground Four)(a) (incorporating by reference supporting memorandum); Docket Entry 77 at 16-27 (claiming entitlement to sentence reduction because, "as a deportable alien, [Petitioner] faces the prospect of more severe pris[]on conditions than if he w[ere] a United States citizen")).[2]

---

[2] Petitioner recently completed his prison term and began his supervised release term (which extends until January 2025). See https://www.bop.gov/inmateloc (search for BOP Register Number "33348-057") (last performed Feb. 18, 2022) (documenting release
(continued...)

4

The Court (per the undersigned) again ordered the United States to respond. (See Docket Entry 78.) In compliance with that order, the United States "move[d] to dismiss the [Third Section 2255 Motion]" (Docket Entry 82 (the "Motion to Dismiss") at 1) on the ground that "the one-year limitation period set forth in 28 U.S.C. § 2255(f)" (id.) renders the Third Section 2255 Motion untimely (see id.).

Specifically, by statute, "[a] 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

---

²(...continued)
date of January 19, 2022). Because Petitioner remained imprisoned when he filed the Section 2255 Motion, he satisfied the "in custody" requirement of Section 2255. See United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992) ("Whether an individual is in custody for § 2255 purposes is determined at the time the habeas action is filed."). Nor has his release mooted his collateral attack. See id. ("With respect to mootness, as [the petitioner] attacks the validity of the conviction through his § 2255 motion, expiration of his sentence does not moot the action . . . [unless] there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." (internal quotation marks omitted)); see also Jones v. Cunningham, 371 U.S. 236, 242 (1963) (deeming prisoner on parole still "in custody" for habeas purposes because release from physical confinement remained conditional and "the custody and control of the Parole Board involves significant restraints on [the] petitioner's liberty").

5

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Pursuant to Paragraph (1) of Subsection 2255(f), Petitioner's conviction became final on or about April 7, 2017, "upon the expiration of the fourteen-day period for filing a direct appeal [after entry of the Judgment]," United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)). The ensuing one-year limitation period for claims under Section 2255 then expired on or about April 7, 2018, almost seven months before Petitioner dated his Third Section 2255 Motion.

Petitioner has not shown that the delayed commencement provisions of Paragraphs (2)-(4) of Subsection 2255(f) apply or that equitable tolling grounds exist. Importantly, despite notice of his right to file a response to the Motion to Dismiss, warning him that "failure to respond . . . may cause the [C]ourt to conclude that the [United States]'s contentions are undisputed" (Docket Entry 83 at 1; see also id. ("[U]nless you file a response in opposition to the [ M]otion [to Dismiss], it is likely that your

6

case will be dismissed . . . .")), Petitioner did not file any such response (see Docket Entries dated Mar. 4, 2019, to present). In addition, Petitioner provided no information in the space after the paragraph of the Third Section 2255 Motion that required him to "explain why the one-year statute of limitations as contained in [Section] 2255 does not bar [his Third Section 2255 M]otion" (Docket Entry 76, ¶ 18). (See id.) Moreover, in response to the paragraph of the Third Section 2255 Motion that required Petitioner to "state [his] reasons for not [previously] presenting [any ground contained therein] . . . in some federal court" (id., ¶ 13), Petitioner stated: "All the grounds had not been presented previously because just now I found someone who help [sic] me to present it" (id.).

Neither the Third Section 2255 Motion nor the supporting memorandum conceivably implicates Paragraphs (3) and (4) of Subsection 2255(f) (as even a cursory reading confirms), and those filings do not plausibly establish unconstitutional governmental action (as delayed commencement under Paragraph (2) of Subsection 2255(f) demands). Similarly, to the extent the Third Section 2255 Motion suggests that Petitioner required assistance to identify and raise the grounds for relief identified therein (see Docket Entry 76, ¶ 13), "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011); accord Mahoney v. Daniels, No.

7

5:13HC2188, 2014 WL 4162406, at *4 n.3 (E.D.N.C. Aug. 20, 2014) (unpublished), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014); see also Holland v. Florida, 560 U.S. 631, 649 (2010) (explaining that equitable tolling requires proof "some extraordinary circumstance . . . prevented timely filing" (internal quotation marks omitted)); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Allen v. Johnson, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009) (observing that "lockdowns[ and] restricted access to the law library . . . do not qualify as extraordinary circumstances" warranting equitable tolling (internal quotation marks omitted)), appeal dismissed, 396 F. App'x 46 (4th Cir. 2010).

Finally, assuming any habeas claim Petitioner proposed after April 7, 2018, could qualify as timely if it "related back" to the claim in his (timely filed but later abandoned) First Section 2255 Motion, under the circumstances presented, the relation-back doctrine only could save a new claim "that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading," Fed. R. Civ. P. 15(c)(1)(B); see also Fed. R. Civ. P. 15(c)(1)(A) & (C) (allowing relation-back where statutory authority so dictates and amendment involves non-prejudicial party change, respectively).  Furthermore, "conduct, transaction, or occurrence" does not mean a petitioner's

8

entire trial and/or sentencing. Mayle v. Felix, 545 U.S. 644, 664 (2005). Instead, only claims linked as to "time and type" with timely filed claims "relate back." United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (internal quotation marks omitted).

Here, although the First Section 2255 Motion and Third Section 2255 Motion both assert claims for ineffective assistance of counsel, those claims involve materially distinct allegations. Via the First Section 2255 Motion, Petitioner faulted his counsel's failure to (1) file an appeal (Docket Entry 59, ¶ 12(Ground One)) and (2) request a reduction to Petitioner's sentence (based either on his mitigating role in the offense or on the safety valve) (id., ¶ 12(Ground Two)). In contrast, via the Third Section 2255 Motion, Petitioner has staked his claims for ineffective assistance on his counsel's failure to (1) provide constitutionally adequate representation in the pre-plea stage (see Docket Entry 76, ¶ 12(Ground One)) and (2) challenge the supposed absence of proof regarding Petitioner's knowledge of drug type and quantity (see id., ¶ 12(Ground Two)).[3] "[A] petitioner does not satisfy the Rule

---

[3] The Third Section 2255 Motion also generically references ineffective assistance at sentencing, which claim (according to Petitioner) survives notwithstanding a written appeal waiver. (See id., ¶ 12(Ground Three).) However, Petitioner pleaded guilty without a written plea agreement (see Minute Entry dated Oct. 3, 2016), such that appeal waivers bear no relevance here, and Petitioner has provided no explanation of how his counsel rendered ineffective assistance at sentencing (see Docket Entry 76, ¶ 12(Ground Three); see also id., ¶ 12(Ground Three)(a); Docket Entry 77 at 15–16). Finally, although Petitioner has not framed
(continued...)

9

15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition [or, as here, filing a subsequent petition] to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005).

In sum, Petitioner's Third Section 2255 Motion fails as a matter of law due to its untimeliness.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss (Docket Entry 82) be granted and that the Third Section 2255 Motion (Docket Entry 76) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 22, 2022

---

[3](...continued)
the Smith claim in Ground Four as a claim for ineffective assistance of counsel (see Docket Entry 76, ¶ 12(Ground Four); see also id., ¶ 12(Ground Four)(a); Docket Entry 77 at 16–27), even viewing Ground Four through that lens would not render the claim timely under the relation-back standard because the First Section 2255 Motion included no such claim (see Docket Entry 59; see also Docket Entry 60) and the Second Section 2255 Motion (which did make allegations regarding Smith) also fell outside the one-year limitation period (see Docket Entry 73 at 13).

10